UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT GRAY,                    )
                                )
        Movant,                 )
                                )
    v.                          )       No. 4:12CV563 CEJ
                                )
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )

**MEMORANDUM**

This matter is before the Court upon review of Robert Gray's petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court will construe the motion as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. See Rule 4, Rules Governing Section 2255 Proceedings.

**Background**

On October 10, 2008, following his guilty plea to being a felon in possession of a firearm, movant was sentenced to a 77-month term of imprisonment. U.S. v. Gray, No. 4:08CR173 CEJ (E.D. Mo.). He did not appeal the judgment.

Movant filed a motion to vacate pursuant to 28 U.S.C. § 2255 on December 18, 2009. Gray v. U.S., No. 4:09CV2081 CEJ (E.D. Mo.). On May 7, 2010, the Court denied movant's motion to vacate as time-barred and dismissed the action. Movant

1

did not file an appeal of the dismissal.

On August 29, 2011, movant filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c). Because movant presented none of the statutory circumstances that would authorize reducing his sentence, the motion was denied.

## Discussion

Movant seeks relief from his conviction and sentence, based on a claim of ineffective assistance of counsel. Movant asserts that his attorney provided deficient representation because he failed to challenge the application of the sentencing guidelines in light of the decision in United States. v. Booker, 543 U.S. 220 (2005). Movant additionally argues that the Court erred in its application of the United States Sentencing Guidelines which resulted in a higher guideline range for imprisonment.

Because movant is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241. The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by § 2255 motion is inadequate or ineffective. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because relief sought under that statute has already been denied. Id.

The Court will liberally construe the instant petition as a motion to vacate, set

aside, or correct sentence, pursuant to § 2255.[1]   As discussed above, movant previously filed a motion to vacate that was denied as time-barred.[2]  As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information.  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

---

[1] The Court determines that it is not required to provide movant an opportunity either to consent to the reclassification or to withdraw his motion, see United States v. Morales, 304 F.3d 764 (8th Cir. 2002), because, unlike the facts in Morales, the motion in this case is movant's second § 2255 motion, not his first. As such, providing movant a Morales-type warning and the opportunity to withdraw the instant motion would be of no avail to him.

[2] Although unpublished, opinions by the Eighth Circuit Court of Appeals and by other district courts in this circuit have uniformly held that a motion dismissed as untimely is a decision on the merits.  See Diaz-Diaz v. U.S., 297 Fed. Appx. 574, 575 (8th Cir. Oct. 29, 2008); Young v. Norman, No. 4:10CV2186 DDN, 2010 WL 5184886, at*1 (E.D. Mo. Dec. 15, 2010); Hazelett v. U.S., No. 4:10CV2214 JCH, 2010 WL 5184888, at *1 (E.D. Mo. Dec. 15, 2010).  Similarly, several other courts of appeals have held that a dismissal on statute of limitations grounds constitutes a decision on the merits.  See McNabb v. Yates, 576 F.3d 1029, 1030 (9th Cir. 2009); Villanueva v. U.S., 346 F.3d 55, 61 (2d Cir. 2003); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003); Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002).

Because movant cannot challenge the constitutionality of his sentence under 28 U.S.C. § 2241 and because he did not obtain permission from the Eighth Circuit Court of Appeals to file a successive 28 U.S.C. § 2255 motion, the Court lacks authority to grant movant the relief he seeks. Therefore, the motion will be denied. Additionally, movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

A separate Order of Dismissal will accompany this Memorandum.

Dated this 11th day of April, 2012.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE